Filing # 142435659 E-Filed 01/21/2022 03:26:44 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.       **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE FOURTH   JUDICIAL CIRCUIT,
IN AND FOR DUVAL   COUNTY, FLORIDA

SONYA POLKE
Plaintiff

Case # _____
Judge _____

vs.

DOLLAR TREE STORES INC
Defendant

II.      **AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

III.     **TYPE OF CASE**       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☒ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**      **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**      **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**      **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Joshua W Taylor</u>        Fla. Bar # <u>28542</u>
       Attorney or party               (Bar # if attorney)

<u>Joshua W Taylor</u>           <u>01/21/2022</u>
  (type or print name)           Date

Filing # 142435659 E-Filed 01/21/2022 03:26:44 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

CASE NO:

SONYA POLKE,

      **Plaintiff,**

vs.

DOLLAR TREE STORES, INC.,

      **Defendant.**

_____ /

## COMPLAINT

COMES NOW, Plaintiff, SONYA POLKE, and sues Defendant, DOLLAR TREE STORES, INC., and alleges:

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.    Plaintiff is a natural person residing in Duval County, Florida.

1

3.      At all times material to this action, DOLLAR TREE STORES, INC. is a  Foreign Profit Corporation licensed to do business in the State of Florida.

4.      At all times material hereto, Defendant was the owner and in possession of that certain business located at 8634 Baymeadows Road, Jacksonville, Duval County, Florida, said business being that of a general merchandise retail store, open to the general public, including the Plaintiff herein.

5.      On or about October 2, 2020, Plaintiff visited Defendant's premises located at the above address to shop.

6.      At said time and place, Plaintiff was a guest at the Dollar Tree, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for his/her/their safety.

7.      At said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a)  Negligently failing to maintain or adequately maintain the checkout line conveyer and paneling underneath, thus creating a hazardous condition to members of the public utilizing the checkout line, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b)  Negligently failing to inspect or adequately inspect the checkout line conveyer and paneling underneath, as specified above, to ascertain whether the  constituted a hazard to pedestrians utilizing the checkout line, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

2

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the checkout line conveyer and paneling underneath, when Defendant knew or through the exercise of reasonable care should have known that said  was unreasonably dangerous and that Plaintiff was unaware of same; and

d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of checkout line conveyer and paneling underneath on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

8.     As a result, while Plaintiff was visiting Defendant's business, she was struck by panel that opened under the checkout line conveyer, sustaining injuries as set forth.

9.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, SONYA POLKE, sues the Defendant, DOLLAR TREE STORES, INC., for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 21st day of January, 2022

> /s/ Joshua Taylor
> Joshua Taylor, Esquire
> FBN: 28542
> Morgan & Morgan Jacksonville, PLLC
> 76 South Laura Street, Suite 1100
> Jacksonville, FL 32202
> Telephone:      (904) 361-7266
> Facsimile:      (904) 366-7026
> Primary Email:      jtaylor@forthepeople.com
> Secondary email:      aadams@forthepeople.com
> Attorneys for Plaintiff

Filing # 142435659 E-Filed 01/21/2022 03:26:44 PM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION**

**CASE NO:**

**SONYA POLKE,**

    **Plaintiff,**

**vs.**

**DOLLAR TREE STORES, INC.,**

    **Defendant.**

_____ /

**<u>SUMMONS</u>**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

   YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

   **DOLLAR TREE STORES, INC.**
**VIA ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301-2525**

   Each Defendant is hereby required to serve written defenses to said Complaint or Petition on JOSHUA TAYLOR, ATTORNEY**,** Morgan & Morgan Jacksonville, PLLC, 76 South Laura Street, Suite 1100, Jacksonville, FL 32202, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 01/21/2022 04:24:08 PM

## **REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Human Resources, **DUVAL COUNTY COURTHOUSE, 501 W Adams St, Jacksonville, FL 32202, (904) 255-2000**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS  my  hand  and  the  seal  of  this  Court  on  this  the  _____  day  of

__Jan 21 2022_____, 2022.

Jody Phillips
Clerk of the Circuit Court

By _Christine Kent_____
As Deputy Clerk

2

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez

telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**MORGAN & MORGAN, P.A.**
**Joshua W. Taylor, Esquire**
**76 South Laura Street, Suite 1100**
**Jacksonville, FL 32202**

4

Filing # 142435659 E-Filed 01/21/2022 03:26:44 PM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT**
**IN AND FOR DUVAL COUNTY, FLORIDA**
**CIVIL DIVISION**

**CASE NO:**

**SONYA POLKE,**

        **Plaintiff,**

**vs.**

**DOLLAR TREE STORES, INC.,**

        **Defendants.**

_____ /

**<u>NOTICE OF SERVICE OF INTERROGATORIES</u>**

COMES NOW the Plaintiff, SONYA POLKE, by and through the undersigned counsel and hereby propounds upon Defendant, DOLLAR TREE STORES, INC., and pursuant to Rule 1.340, Florida Rules of Civil Procedure, the attached interrogatories, answers to which will be due within forty-five (45) days from the date of service hereof.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail/Hand Delivery this, the same date of service as that of the Summons and Complaint.

<div style="margin-left:40%;">

_/s/ Joshua Taylor_
Joshua Taylor, Esquire
FBN: 28542
Morgan & Morgan Jacksonville, PLLC
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone:    (904) 361-7266
Facsimile:    (904) 366-7026
Primary Email:    jtaylor@forthepeople.com
Secondary email:    aadams@forthepeople.com
Attorneys for Plaintiff

</div>

Filing # 142435659 E-Filed 01/21/2022 03:26:44 PM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION**

**CASE NO:**

**SONYA POLKE,**

        **Plaintiff,**

**vs.**

**DOLLAR TREE STORES, INC.,**

        **Defendants.**

_____ /

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

COME(S) NOW the Plaintiff, **SONYA POLKE**, by and through the undersigned counsel and hereby requests that Defendants, **DOLLAR TREE STORES, INC.,** produce for inspection or copying the documents set forth below.  Defendants shall produce these documents at Morgan & Morgan, 76 South Laura Street, Suite 1100, Jacksonville, FL 32202, within forty-five (45) days after service of this Request for Production.

### I. Definitions

A.    As used throughout this Request to Produce, the following terms are defined as follows:

B.    "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions

of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.      "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.      If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.      "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.      "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.      "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.      As may be used in these Request "and" is conjunctive (meaning, e.g., A and B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.      As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.      Description sufficient to identify.

2.      The date(s).

3.      The subject matter(s).

4.      The sender(s) or author(s).

5.      The recipient(s).

6.      The persons to whom copies were furnished, together with their job titles.

7.      The present depository or person having custody of the document.

8.      The nature and basis of privilege or immunity claimed.

9.      The paragraph(s) of this request to which each such document or statement relates or corresponds.

## III.  Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

## IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan, 76 South Laura Street,

Suite 1100, Jacksonville, FL  32202, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

### DEFENDANTS SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1.      All statements made by any witnesses to the subject accident at the subject place of business located at 8634 Baymeadows Rd, Jacksonville, Duval County, Florida.

2.      All statements made by the Plaintiff pertaining to or concerning the subject matter.

3.      All photographs of the area involved in the subject accident.

4.      A copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5.      A copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

6.      Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done on the date of the subject accident, as well as the five (5) days before that date in the area where the Plaintiff fell.

7.      Any and all documents relating to any inspections that may have been done on the date of the subject accident, the five (5) days before that date and the five (5) days after that date at the Defendant's premises.

8.      Time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

9.      Inspection sheets and/or and other documents for inspections that were used on the date of the subject accident, or that are now used by employees at Defendant's premises, for inspections.

10.     A true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for inspecting your premises for dangerous conditions or for training your employees about such.

11.     A true and correct copy of any and all written inspection, maintenance procedures or policies in place on the date of the subject accident, at Defendant's premises.

12.     A true and correct copy of any and all safety manuals or videos, inspection manuals or videos or training manuals or videos that any employee who was working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises may have received from Defendant.

13.     A true and correct copy of your written procedure for inspection of the grounds, sidewalks, pathways, common walkways, and landscaping that was in existence on the date of the subject accident.

14.     A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions, of all employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

15.     A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject accident.

16.     A true and correct copy of any and all documents provided to the employees of the Defendant who were on duty on the date of the subject accident, explaining maintenance, cleaning, inspection, and safety precautions at Defendant's premises.

17.     A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers falling or slipping on substances on Defendant's premises within the last five (5) years in a manner substantially similar to that alleged in the Complaint.

18.     A true and correct copy of any and all photographs taken of the accident scene.

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

> */s/ Joshua Taylor*
> Joshua Taylor, Esquire
> FBN: 28542
> Morgan & Morgan Jacksonville, PLLC
> 76 South Laura Street, Suite 1100
> Jacksonville, FL 32202
> Telephone:     (904) 361-7266
> Facsimile:     (904) 366-7026
> Primary Email:        jtaylor@forthepeople.com
> Secondary email:      aadams@forthepeople.com
> Attorneys for Plaintiff

Filing # 142435659 E-Filed 01/21/2022 03:26:44 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

CASE NO:

SONYA POLKE,

        Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

        Defendants.

_____ /

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW, the Plaintiff, **SONYA POLKE**, by and through the undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.370 hereby requests that Defendants, **DOLLAR TREE STORES, INC.**, admit or deny the following within forty-five (45) days from the date of service:

1. Please admit that on or about October 2, 2020, Plaintiff was lawfully upon your premises located at 8634 Baymeadows Rd, Jacksonville, Duval County, Florida.

2. Please admit that Plaintiff sustained injuries on the Defendant's premises on October 2, 2020.

3. Please admit that Plaintiff sustained permanent injuries on Defendant's premises on October 2, 2020, within a reasonable degree of medical probability resulting from the subject accident.

4.      Please admit that the Plaintiff was not guilty of any comparative negligence in the subject accident.

5.      Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject accident.

6.      Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

7.      Please admit that Defendant's agents, representative or employees were negligent in the maintenance, operation and/or repair of its property, which negligence resulted in injuries to the Plaintiff.

   **I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

    */s/ Joshua Taylor*
    Joshua Taylor, Esquire
    FBN: 28542
    Morgan & Morgan Jacksonville, PLLC
    76 South Laura Street, Suite 1100
    Jacksonville, FL 32202
    Telephone: (904) 361-7266
    Facsimile: (904) 366-7026
    Primary Email: jtaylor@forthepeople.com
    Secondary email: aadams@forthepeople.com
    Attorneys for Plaintiff



# JODY PHILLIPS

## RECEIPT
4071210

CLERK OF THE CIRCUIT AND COUNTY COURTS
JACKSONVILLE, DUVAL COUNTY, FLORIDA

Printed On:
01/21/2022 04:24
Page 1 of 1

| Receipt Number: 4071210 - Date 01/21/2022  Time 4:24PM | | |
|---|---|---|
| **Received of:** | Joshua W Taylor<br>76 S LAURA STREET SUITE 1100<br>JACKSONVILLE, FL 32202 | |
| **Cashier Name:** | EFile | **Balance Owed:**      411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:**      411.00 |
| **Receipt ID:** | 7409366 | **Remaining Balance:**      0.00 |
| **Division:** | CV-E(Circuit Court) | |

| Case# 16-2022-CA-000328-XXXX-MA -- PLAINTIFF: POLKE, SONYA | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFILING | 2637325 | **411.00** |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

## The clerk of courts is here to help you.

| We can be found online at: | **WWW.DUVALCLERK.COM** |
|---|---|
| The main courthouse Location is: | **Clerk of the Circuit and County Courts**<br>**Duval County, Florida**<br>501 West Adams Street<br>Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | **Neptune Beach Courthouse Annex**<br>1543 Atlantic Blvd<br>Neptune Beach, Florida 32266 |

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL
CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

CASE NO:  16-2022-CA-000328

SONYA POLKE,

                  Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

                  Defendants.

_____ /

## PLAINTIFF'S MOTION TO SET FOR JURY TRIAL

COMES NOW, the Plaintiff, Sonya Polke, and moves this Honorable Court to set a trial

date in the above-styled cause, which is at issue on the original action and ready to be set for trial by

jury.  It is estimated that the trial shall require approximately 5 days before the Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February, 2022, I electronically filed the

foregoing with the Florida Courts E-Filing Portal to: Steven Worley, Esquire

sworley@carrallison.com, cdavis@carrallison.com, cdodd@carrallison,com.

                        Morgan & Morgan
                        76 South Laura Street, Suite 1100
                        Jacksonville, FL 32202

                        */s/ Joshua W. Taylor*
                        Joshua W. Taylor
                        Florida Bar No. 28542
                        jtaylor@forthepeople.com
                        aadams@forthepeople.com
                        Attorneys for Plaintiff

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:   16-2022-CA-000328
DIVISION:   CV-E

SONYA POLKE,

                    Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

                    Defendant.

_____

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Dollar Tree Stores, Inc. ("Defendant") files and serves its Answer and Affirmative Defenses to the Complaint and states:

1. Admitted for jurisdictional purposes only.

2. Without knowledge, therefore denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted that Defendant owed those duties prescribed by Florida law. Otherwise, denied.

7. Denied in its entirety, including subparts (a) through (d).

8. Denied.

9. Denied.

## FIRST AFFIRMATIVE DEFENSE

Defendant states that the alleged injuries sustained by the Plaintiff were caused or contributed to by the acts or negligence of the Plaintiff, thus barring the claim in whole or in part, that by pleading comparative negligence, Defendant does not admit any liability on its part.

## SECOND AFFIRMATIVE DEFENSE

Defendant states that the damages, if any, suffered by the Plaintiff, were due to or occasioned solely by third parties, agencies, persons, forces or instrumentalities outside and beyond the control of Defendant.

## THIRD AFFIRMATIVE DEFENSE

Defendant states the alleged injuries and/or damages sustained by the Plaintiff were caused by the intervening actions and/or negligence of third parties who were not under control of Defendant which bars recovery against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant states that damages against them are only available to the extent permitted by Section 768.81, Florida Statutes.

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff knew of the existence of the danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed himself to danger.

## SIXTH AFFIRMATIVE DEFENSE

By and for its Sixth Affirmative Defense, Defendant alleges that Section 768.0755, Florida Statutes, applies to Plaintiff's claims. As a result, Plaintiff must prove Defendant had actual or constructive knowledge, as defined in Section 768.0755, of a dangerous condition and should have taken action to remedy said condition.

## SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Fla. Stat. § 768.81, and Fabre v Marin, So. 2d 1182 (Fla. 1993), Defendant can only be held liable for its proportionate share of liability for Plaintiff's alleged damages, and therefore, Plaintiff's monetary recovery in this matter, if any, must be reduced by the proportionate share of liability assignable to all other persons and entities.  Defendant reserves the right to supplement this Affirmative Defense as the case progresses.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant states that any injuries claimed by Plaintiff were pre-existing or caused by other incidents or medical conditions, and therefore, Defendant has no liability for causation of same.

## NINTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off for all collateral source payments paid or to be paid to or on behalf of Plaintiff.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Joshua Taylor, Esquire
MORGAN & MORGAN
JACKSONVILLE, PLLC
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Email: jtaylor@forthepeople.com
Email: aadams@forthepeople.com
*Attorney for Plaintiff*

Steven L. Worley
Florida Bar No. 0159719
Marissa de los Reyes
Florida Bar No. 1010899
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:    (904) 328-6473
Email: sworley@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email: cdavis@carrallison.com
Secondary Email: cdodd@carrallison.com
*Attorneys for Defendants, Dollar Tree Stores, Inc.*

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:    16-2022-CA-000328
DIVISION:    CV-E

SONYA POLKE,

                    Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

                    Defendant.

_____

**<u>DEFENDANT'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO PLAINTIFF</u>**

        Notice is hereby given that Defendant, DOLLAR TREE STORES, INC., served its First Set of Interrogatories on Plaintiff, SONYA POLKE, to be answered in writing and under oath within thirty (30) days from service hereof in accordance with Florida Rules of Civil Procedure.

*Certificate of Service on the following page*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of February, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Joshua Taylor, Esquire
MORGAN & MORGAN
JACKSONVILLE, PLLC
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Email: jtaylor@forthepeople.com
Email: aadams@forthepeople.com
*Attorney for Plaintiff*

Steven L. Worley
Florida Bar No. 0159719
Marissa de los Reyes
Florida Bar No. 1010899
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:    (904) 328-6473
Email: sworley@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email: cdavis@carrallison.com
Secondary Email: cdodd@carrallison.com
*Attorneys for Defendants, Dollar Tree Stores, Inc.*

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:    16-2022-CA-000328
DIVISION:    CV-E

SONYA POLKE,

                        Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

                        Defendant.

_____

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION

    Defendant, DOLLAR TREE STORES, INC., through counsel, hereby requests Plaintiff, SONYA POLKE, to produce for inspection and copying the following listed documents at the offices of Carr Allison, The Greenleaf and Crosby Building, 208 North Laura Street, Suite 1100, Jacksonville, Florida 32202, pursuant to Florida Rules of Civil Procedure, within the required time period.

## DEFINITIONS

    As used herein, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order, form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer in your possession, custody or control.

## DOCUMENTS TO BE PRODUCED ARE AS FOLLOWS:

1.      Federal Income Tax Returns and W-2 Forms for Plaintiff from 2011 to the present.

2.      Any and all photographs in the possession of the Plaintiff, Plaintiff's Attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including but not limited to, any and all photographs of the parties, as well as photographs of the scene of the subject incident.

3.      All medical bills, doctor bills, hospital bills, medication bills, nursing bills, ambulance bills, and bills for similar expenses incurred by or on behalf of the Plaintiff as a result of the incident which is the subject matter of this lawsuit.

4.      Copies of all medical reports received by the Plaintiff, Plaintiff's attorneys, investigators, agents, servants, or employees, from any doctor, physician, nurse or anyone else who has examined or rendered treatment to the Plaintiff for the injuries incurred as a result of the incident which is the subject matter of this lawsuit.

5.      A copy of all documents, x-rays or records from any hospital, medical provider or health care facility where the Plaintiff was a patient, or where the Plaintiff received treatment, subsequent to the incident which is the subject matter of this lawsuit, which are in the possession of the Plaintiff, Plaintiff's attorneys, investigators, agents, servants or employees.

6.      A copy of all documents, x-rays or records from any hospital, medical provider or health care facility where the Plaintiff was a patient, or where the Plaintiff received treatment any time during the ten years prior to the incident which is the subject matter of this lawsuit, which are in the possession of the Plaintiff, Plaintiff's attorneys, investigators, agents, servants or employees.

7.      A transcript or copy of all statements, whether handwritten, typewritten, video or audio, made by Defendant, or Defendant's employees, that is in the possession of Plaintiff or Plaintiff's attorneys, agents or servants, regarding the incident which is the subject matter of this lawsuit.

8.      A transcript or copy of all statements, whether handwritten, typewritten, video or audio, made by any witness regarding the incident which forms the basis for this lawsuit, which is in the possession of the Plaintiff, Plaintiff's attorneys, agents or servants.

9.      All employment records relating in any way to the Plaintiff, whether employed or self-employed, records relating to the fact and duration of unemployment, records of workmen's compensation, unemployment insurance, welfare, and applications for assistance from any governmental agency because of unemployment or ill health, and all income records for a period of five (5) years prior to the time of the occurrence alleged in the Plaintiff's Complaint up to and including the present date.

10.      With regard to any employment records referred to in the preceding paragraph which are in existence but are not physically in the possession or custody of the Plaintiff or the Plaintiff's attorney, but which are in the Plaintiff's control or over which the Plaintiff can exercise control, the Defendant requests that the Plaintiff execute an authorization to allow the Defendant to obtain, examine and copy said records.

11.      All documentation of any insurance payments, governmental or private payments received by or made on behalf of Plaintiff as a result of any alleged injuries, medical or mental treatment or care received by the Plaintiff as a result of the injuries alleged in this suit.

12.      Any and all records, reflecting or tending to prove or disprove lost prospective net accumulations.

13.      Copies of any social security disability income applications, and benefit award letters or notices, if filed or received.

14.      A curriculum vitae for each expert witness you intend to call to testify at the trial of this cause.

15.      Any written reports, correspondence, documents or exhibits prepared by any experts expected to be called at trial, relative to the facts known, or opinions held concerning any of the issues to be tried in this case.

16.     Any claim letters or demand letters or other such correspondence from insurance companies or governmental agencies which are claiming rights of subrogation or liens or indemnification from any recovery in this suit.

17.     Copies of any liens or subrogation rights filed by any such insurance companies or governmental agencies which are or could be assessed against.

18.     Copies of any policies of insurance providing benefits to Plaintiff or otherwise indemnifying Plaintiff for any of the injuries alleged in this suit.

19.     Copies of all invoices, claims, reports, payment records or any other documentation which supports Plaintiff's claim for expenses or hospitalization, medical and nursing care and treatment.

20.     Any and all documents or materials used to calculate Plaintiff's alleged damages identified in response to interrogatory numbers eleven and twelve in Defendant's First Set of Interrogatories.

21.     Copies of any and all reports or correspondence from any health care providers assigning an impairment rating to Plaintiff, using the American Medical Association Guide to the Evaluation of Permanent Injuries, or any other similar type of rating guide.

22.     The shoes, footwear and clothes you wore at the time of this incident.  These items can remain in your lawyer's possession but must be made available for inspection and photographing.

23.     Any and all documents or materials used to calculate the damages.

24.     For each social networking account listed in response to the interrogatories, please provide copies or screenshots of all photographs and videos of the Plaintiff associated with that account, including those posted by others and/or those in which the Plaintiff has been "tagged" by others, during the two (2) years prior to the date of loss.

25.     For each social networking account listed in the interrogatories, provide copies or screenshots of all photographs and videos of the Plaintiff associated with that account, including

those posted by others and/or those in which the Plaintiff has been "tagged" by others, from the date of loss to present.

26.    For each cellular phone listed in the interrogatories, please provide copies or screenshots of all photographs associated with that account during the two years prior to the date of loss.

27.    For each cellular phone listed in response to the interrogatories, please provide copies or screenshots of all photographs associated with that account from the date of loss to present.

28.    For each cellular phone listed in the interrogatories, please provide copies or screenshots of the data from all fitness, health, or tracking applications associated with that account/phone during the two years prior to the date of loss.

29.    For each cellular phone listed in the interrogatories, please provide copies or screenshots of the data from all fitness, health, or tracking applications associated with that account/phone from the date of loss to present.

30.    For each cellular phone listed in the interrogatories, please provide copies of any documentation outlining what calls were made or received on the date of loss.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of February, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Joshua Taylor, Esquire
MORGAN & MORGAN
JACKSONVILLE, PLLC
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Email: jtaylor@forthepeople.com
Email: aadams@forthepeople.com
*Attorney for Plaintiff*

Steven L. Worley
Florida Bar No. 0159719
Marissa de los Reyes
Florida Bar No. 1010899
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:   (904) 328-6473
Email: sworley@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email: cdavis@carrallison.com
Secondary Email: cdodd@carrallison.com
*Attorneys for Defendants, Dollar Tree Stores, Inc.*

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

CASE NO: 16-2022-CA-000328

SONYA POLKE,

        Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

        Defendants.

_____ /

## PLAINTIFF'S NOTICE OF SERVING ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATOIES

    Plaintiff, Sonya Polke, by and through her undersigned counsel hereby certifies that a copy of Plaintiff's answers to Defendant, Dollar Tree Stores Inc., First Set of Interrogatories has been furnished with a copy of this notice to counsel for Defendant by e-mail to sworley@carrallison.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 11th day of March, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal to: Steven Worley, Esquire sworley@carrallison.com, cdavis@carrallison.com, cdodd@carrallison,com.

                      Morgan & Morgan
                      76 South Laura Street, Suite 1100
                      Jacksonville, FL 32202

                      */s/ Joshua W. Taylor*
                      Joshua W. Taylor
                      Florida Bar No. 28542
                      jtaylor@forthepeople.com
                      aadams@forthepeople.com
                      Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL
CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

CASE NO: 16-2022-CA-000328

SONYA POLKE,

                Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

                Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## FIRST REQUEST FOR PRODUCTION

      Plaintiff, Sonya Polke, by and through her undersigned counsel, in response to Defendant,

Dollar tree Stores Inc First Request to Produce, served on February 14, 2022 states (**in bold**) as

follows:

1.     Federal Income Tax Returns and W-2 Forms for Plaintiff from 2011 to the present.
       **Objection.  Not reasonably calculated to lead to admissible evidence.  Plaintiff is not
making a claim for lost wages.**

2.     Any and all photographs in the possession of the Plaintiff, Plaintiff's Attorneys,
investigators, agents, servants, or employees which are in any manner related to the subject
matter of this lawsuit, specifically including but not limited to, any and all photographs of the
parties, as well as photographs of the scene of the subject incident.
       **Documents responsive if any are being provided under separate cover**

3.     All medical bills, doctor bills, hospital bills, medication bills, nursing bills, ambulance
bills, and bills for similar expenses incurred by or on behalf of the Plaintiff as a result of the
incident which is the subject matter of this lawsuit.
       **Documents responsive are being provided under separate cover**

4.     Copies of all medical reports received by the Plaintiff, Plaintiff's attorneys, investigators,
agents, servants, or employees, from any doctor, physician, nurse or anyone else who has
examined or rendered treatment to the Plaintiff for the injuries incurred as a result of the incident
which is the subject matter of this lawsuit.
       **Documents responsive are being provided under separate cover**

5.     A copy of all documents, x-rays or records from any hospital, medical provider or health care facility where the Plaintiff was a patient, or where the Plaintiff received treatment, subsequent to the incident which is the subject matter of this lawsuit, which are in the possession of the Plaintiff, Plaintiff's attorneys, investigators, agents, servants or employees.
        **Documents responsive if any are being provided under separate cover**

6.     A copy of all documents, x-rays or records from any hospital, medical provider or health care facility where the Plaintiff was a patient, or where the Plaintiff received treatment any time during the ten years prior to the incident which is the subject matter of this lawsuit, which are in the possession of the Plaintiff, Plaintiff's attorneys, investigators, agents, servants or employees.
        **Documents responsive if any are being provided under separate cover**

7.     A transcript or copy of all statements, whether handwritten, typewritten, video or audio, made by Defendant, or Defendant's employees, that is in the possession of Plaintiff or Plaintiff's attorneys, agents or servants, regarding the incident which is the subject matter of this lawsuit.
        **None**

8.     A transcript or copy of all statements, whether handwritten, typewritten, video or audio, made by any witness regarding the incident which forms the basis for this lawsuit, which is in the possession of the Plaintiff, Plaintiff's attorneys, agents or servants.
        **None**

9.     All employment records relating in any way to the Plaintiff, whether employed or self-employed, records relating to the fact and duration of unemployment, records of workmen's compensation, unemployment insurance, welfare, and applications for assistance from any governmental agency because of unemployment or ill health, and all income records for a period of five (5) years prior to the time of the occurrence alleged in the Plaintiff's Complaint up to and including the present date.
        **None.**

10.    With regard to any employment records referred to in the preceding paragraph which are in existence but are not physically in the possession or custody of the Plaintiff or the Plaintiff's attorney, but which are in the Plaintiff's control or over which the Plaintiff can exercise control, the Defendant requests that the Plaintiff execute an authorization to allow the Defendant to obtain, examine and copy said records.
        **Plaintiff is not required to and will not be filling out such form**

11.    All documentation of any insurance payments, governmental or private payments received by or made on behalf of Plaintiff as a result of any alleged injuries, medical or mental treatment or care received by the Plaintiff as a result of the injuries alleged in this suit.
        **Documents responsive if any are being provided under separate cover**

12.    Any and all records, reflecting or tending to prove or disprove lost prospective net accumulations.
        **Plaintiff does not have possession of any documents in response to the twelfth request for production**

13.     Copies of any social security disability income applications, and benefit award letters or notices, if filed or received.

**Plaintiff does not have possession of any documents in response to the thirteenth request for production**

14.     A curriculum vitae for each expert witness you intend to call to testify at the trial of this cause.

**Plaintiff has not made a final decision regarding any expert witnesses she intends to call at the trial of this case of action. Discovery is ongoing, Plaintiff reserves the right to supplement this response**

15.     Any written reports, correspondence, documents or exhibits prepared by any experts expected to be called at trial, relative to the facts known, or opinions held concerning any of the issues to be tried in this case.

**See response to request for production #14**

16.     Any claim letters or demand letters or other such correspondence from insurance companies or governmental agencies which are claiming rights of subrogation or liens or indemnification from any recovery in this suit.

**Documents responsive are being provided under separate cover**

17.     Copies of any liens or subrogation rights filed by any such insurance companies or governmental agencies which are or could be assessed against.

**Documents responsive are being provided under separate cover**

18.     Copies of any policies of insurance providing benefits to Plaintiff or otherwise indemnifying Plaintiff for any of the injuries alleged in this suit.

**Documents responsive if any are being provided under separate cover**

19.     Copies of all invoices, claims, reports, payment records or any other documentation which supports Plaintiff's claim for expenses or hospitalization, medical and nursing care and treatment.

**Documents responsive are being provided under separate cover**

20.     Any and all documents or materials used to calculate Plaintiff's alleged damages identified in response to interrogatory numbers eleven and twelve in Defendant's First Set of Interrogatories.

**Documents responsive are being provided under separate cover**

21.     Copies of any and all reports or correspondence from any health care providers assigning an impairment rating to Plaintiff, using the American Medical Association Guide to the Evaluation of Permanent Injuries, or any other similar type of rating guide.

**None**

22.    The shoes, footwear and clothes you wore at the time of this incident. These items can remain in your lawyer's possession but must be made available for inspection and photographing.

**Plaintiff does not have possession of items in response to the twenty second request for production**

23.    Any and all documents or materials used to calculate the damages.

**Documents responsive if any are being provided under separate cover**

24.    For each social networking account listed in response to the interrogatories, please provide copies or screenshots of all photographs and videos of the Plaintiff associated with that account, including those posted by others and/or those in which the Plaintiff has been "tagged" by others, during the two (2) years prior to the date of loss.

**Plaintiff objects to the twenty sixth request as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and oppressive because the requested production of requires submission to a search for potentially irrelevant and trivial information.**

25.    For each social networking account listed in the interrogatories, provide copies or screenshots of all photographs and videos of the Plaintiff associated with that account, including those posted by others and/or those in which the Plaintiff has been "tagged" by others, from the date of loss to present.

**See response to request for production #24**

26.    For each cellular phone listed in the interrogatories, please provide copies or screenshots of all photographs associated with that account during the two years prior to the date of loss.

**Plaintiff objects to the twenty sixth request as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and oppressive because requiring the production of *all cellular datas* requires submission to a search for potentially irrelevant and trivial information.**

27.    For each cellular phone listed in response to the interrogatories, please provide copies or screenshots of all photographs associated with that account from the date of loss to present.

**See response to request for production #26**

28.    For each cellular phone listed in the interrogatories, please provide copies or screenshots of the data from all fitness, health, or tracking applications associated with that account/phone during the two years prior to the date of loss.

**See response to request for production #26**

29.    For each cellular phone listed in the interrogatories, please provide copies or screenshots of the data from all fitness, health, or tracking applications associated with that account/phone from the date of loss to present.

**See response to request for production #26**

30.     For each cellular phone listed in the interrogatories, please provide copies of any documentation outlining what calls were made or received on the date of loss.

**See response to request for production #26**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2022, I electronically filed the foregoing

with the Florida Courts E-Filing Portal to: Steven Worley, Esquire sworley@carrallison.com,

cdavis@carrallison.com, cdodd@carrallison,com.

<div style="margin-left:50%">

Morgan & Morgan
76 South Laura Street, Suite 1100
Jacksonville, FL 32202

*/s/ Joshua W.  Taylor*
Joshua W. Taylor
Florida Bar No. 28542
jtaylor@forthepeople.com
aadams@forthepeople.com
Attorneys for Plaintiff

</div>

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:    16-2022-CA-000328
DIVISION:      CV-E

SONYA POLKE,

                         Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

                         Defendant.
_____

### DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.      Please admit that on or about October 2, 2020, Plaintiff was lawfully upon your premises located at 8634 Baymeadows Rd, Jacksonville, Duval County, Florida.

**RESPONSE: Admitted.**

2.      Please admit that Plaintiff sustained injuries on the Defendant's premises on October 2, 2020.

**RESPONSE: Unknown. Defendant has made reasonable inquiry and the information known by the Defendant is insufficient to enable the Defendant to admit or deny.**

3.      Please admit that Plaintiff sustained permanent injuries on Defendant's premises on October 2, 2020, within a reasonable degree of medical probability resulting from the subject accident.

**RESPONSE: Unknown. Defendant has made reasonable inquiry and the information known by the Defendant is insufficient to enable the Defendant to admit or deny.**

4.      Please admit that the Plaintiff was not guilty of any comparative negligence in the subject accident.

**RESPONSE: Unknown. Defendant has made reasonable inquiry and the information known by the Defendant is insufficient to enable the Defendant to admit or deny.**

5.    Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject accident.

**RESPONSE: Unknown. Defendant has made reasonable inquiry and the information known by the Defendant is insufficient to enable the Defendant to admit or deny.**

6.    Please admit that Plaintiffs medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

**RESPONSE: Unknown. Defendant has made reasonable inquiry and the information known by the Defendant is insufficient to enable the Defendant to admit or deny.**

7.    Please admit that Defendant's agents, representative or employees were negligent in the maintenance, operation and/or repair of its property, which negligence resulted in injuries to the Plaintiff.

**RESPONSE: Denied.**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 11th day of March, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Joshua Taylor, Esquire
MORGAN & MORGAN
JACKSONVILLE, PLLC
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Email: jtaylor@forthepeople.com
Email: aadams@forthepeople.com
*Attorney for Plaintiff*

_____
Steven L. Worley
Florida Bar No. 0159719
Marissa de los Reyes
Florida Bar No. 1010899
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100

Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:    (904) 328-6473
Email: sworley@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email: cdavis@carrallison.com
Secondary Email: cdodd@carrallison.com
*Attorneys for Defendants, Dollar Tree Stores, Inc.*

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.: 16-2022-CA-000328
DIVISION: CV-E

SONYA POLKE,

                Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

                Defendant.

_____

## NOTICE OF PRODUCTION FROM NON-PARTY

TO ALL PARTIES:

      YOU ARE NOTIFIED that after 10 days from the date of service of this Notice, if service is by delivery or Electronic service, if no objection is received from any party, the undersigned will issue or apply to the clerk of this court for issuance of the attached subpoena(s) directed to:

1) BAHRI ORTHOPEDICS & SPORTS MEDICINE
2) BAPTIST ENDOCRINOLOGY
3) BAPTIST HEART SPECIALISTS
4) BAPTIST MEDICAL CENTER – SOUTH – MEDICAL RECORDS
5) BAPTIST MEDICAL CENTER – SOUTH – BILLING DEPT.
6) BAPTIST MEDICAL CENTER – SOUTH – RADIOLOGY DEPT.
7) BAPTIST PRIMARY CARE
8) BAPTIST RHEUMATOLOGY
9) BOWDEN EYE & ASSOCIATES
10) CORA HEALTH SERVICES, INC.
11) JACKSONVILLE ORTHOPEDIC INSTITUTE
12) JACKSONVILLE ORTHOPEDIC INSTITUTE
13) MEMORIAL HOSPITAL – MEDICAL RECORDS
14) MEMORIAL HOSPITAL – BILLING DEPT.
15) MEMORIAL HOSPITAL – RADIOLOGY DEPT.
16) MORI, BEAN & BROOKS, P.A.
17) ORTHO ONE
18) PARAGON EMERGENCY SERVICES
19) PRECISION IMAGING CENTER
20) QUEST DIAGNOSTICS INCORPORATED
21) BLUE CROSS & BLUE SHIELD OF FLORIDA, INC.
22) BLUE CROSS BLUE SHIELD OF ILLINOIS
23) CVS PHARMACY
24) PUBLIX SUPERMARKETS
25) WALGREENS PHARMACY

REF. # 51681
DE52

26) WAL-MART - LEGAL DEPARTMENT
27) WINN-DIXIE STORES, INC.
28) POWERHOUSE ANCHOR MANAGEMENT CONSULTING, INC.

who are not parties, to produce the items listed at the time and place specified in the subpoena(s).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 16th day of March, 2022, a true and correct copy of the foregoing has been furnished by electronic mail (email) at e-mail address:   Joshua Taylor, Esquire, MORGAN & MORGAN JACKSONVILLE, PLLC 76 South Laura Street, Suite 1100 Jacksonville, FL 32202 Primary Email: jtaylor@forthepeople.com, Secondary e-mail: aadams@forthepeople.com; and I electronically filed the foregoing with the Clerk of DUVAL COUNTY by using the Florida courts eFiling Portal.

Steven L. Worley
Florida Bar No. 0159719
Marissa De Los Reyes, Esq.
Florida Bar No. 1010899
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email: sworley@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email: cdavis@carrallison.com
Secondary Email: cdodd@carrallison.com
Attorneys for Defendants, Dollar Tree Stores, Inc.

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR DUVAL COUNTY, FLORIDA
## CIVIL DIVISION

### CASE NO.: 16-2022-CA-000328

SONYA POLKE,

               Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

               Defendants.

_____ /

### REQUEST FOR COPIES

COMES NOW the Plaintiff, Sonya Polke, by and through her undersigned attorneys, pursuant to Rule 1.351(e) of the Florida Rules of Civil Procedure, hereby gives notice of her request for copies of any and all documents secured pursuant to Defendants Notice of Production from Non-Party, from the following parties:

1)     BAHRI ORTHOPEDICS & SPORTS MEDICINE

2)     BAPTIST ENDOCRINOLOGY

3)     BAPTIST HEART SPECIALISTS

4)     BAPTIST MEDICAL CENTER – SOUTH – MEDICAL RECORDS

5)     BAPTIST MEDICAL CENTER – SOUTH – BILLING DEPT.

6)     BAPTIST MEDICAL CENTER – SOUTH – RADIOLOGY DEPT.

7)     BAPTIST PRIMARY CARE

8)     BAPTIST RHEUMATOLOGY

9)    BOWDEN EYE & ASSOCIATES

10)   CORA HEALTH SERVICES, INC.

11)   JACKSONVILLE ORTHOPEDIC INSTITUTE

12)   JACKSONVILLE ORTHOPEDIC INSTITUTE

13)   MEMORIAL HOSPITAL – MEDICAL RECORDS

14)   MEMORIAL HOSPITAL – BILLING DEPT.

15)   MEMORIAL HOSPITAL – RADIOLOGY DEPT.

16)   MORI, BEAN & BROOKS, P.A.

17)   ORTHO ONE

18)   PARAGON EMERGENCY SERVICES

19)   PRECISION IMAGING CENTER

20)   QUEST DIAGNOSTICS INCORPORATED

21)   BLUE CROSS & BLUE SHIELD OF FLORIDA, INC.

22)   BLUE CROSS BLUE SHIELD OF ILLINOIS

23)   CVS PHARMACY

24)   PUBLIX SUPERMARKETS

25)   WALGREENS PHARMACY

26)   WAL-MART - LEGAL DEPARTMENT

27)   WINN-DIXIE STORES, INC.

28)   POWERHOUSE ANCHOR MANAGEMENT CONSULTING, INC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal to: Steven Worley, Esquire sworley@carrallison.com, cdavis@carrallison.com, cdodd@carrallison,com.

Morgan & Morgan
76 South Laura Street, Suite 1100
Jacksonville, FL 32202

*/s/ Joshua W.  Taylor*
Joshua W. Taylor
Florida Bar No. 28542
jtaylor@forthepeople.com
aadams@forthepeople.com
Attorneys for Plaintiff

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.: 16-2022-CA-000328
DIVISION: CV-E

SONYA POLKE,

                Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

                Defendant.

_____

## **AMENDED NOTICE OF PRODUCTION FROM NON-PARTY**

TO ALL PARTIES:

      YOU ARE NOTIFIED that after 10 days from the date of service of this Notice, if service is by delivery or Electronic service, if no objection is received from any party, the undersigned will issue or apply to the clerk of this court for issuance of the attached subpoena(s) directed to:

1) BAHRI ORTHOPEDICS & SPORTS MEDICINE
2) BAPTIST ENDOCRINOLOGY
3) BAPTIST HEART SPECIALISTS
4) BAPTIST MEDICAL CENTER – SOUTH – MEDICAL RECORDS
5) BAPTIST MEDICAL CENTER – SOUTH – BILLING DEPT.
6) BAPTIST MEDICAL CENTER – SOUTH – RADIOLOGY DEPT.
7) BAPTIST PRIMARY CARE
8) BAPTIST RHEUMATOLOGY
9) BOWDEN EYE & ASSOCIATES
10) CORA HEALTH SERVICES, INC.
11) JACKSONVILLE ORTHOPEDIC INSTITUTE
12) JACKSONVILLE ORTHOPEDIC INSTITUTE
13) MEMORIAL HOSPITAL – MEDICAL RECORDS
14) MEMORIAL HOSPITAL – BILLING DEPT.
15) MEMORIAL HOSPITAL – RADIOLOGY DEPT.
16) MORI, BEAN & BROOKS, P.A.
17) ORTHO ONE
18) PARAGON EMERGENCY SERVICES
19) PRECISION IMAGING CENTER
20) QUEST DIAGNOSTIC – MEDICAL RECORDS
21) QUEST DIAGNOSTICS INCORPORATED – BILLING
22) BLUE CROSS & BLUE SHIELD OF FLORIDA, INC.
23) BLUE CROSS BLUE SHIELD OF ILLINOIS
24) CVS PHARMACY
25) PUBLIX SUPERMARKETS

REF. # 51681
DE52

26) WALGREENS PHARMACY
27) WAL-MART - LEGAL DEPARTMENT
28) WINN-DIXIE STORES, INC.
29) POWERHOUSE ANCHOR MANAGEMENT CONSULTING, INC.

who are not parties, to produce the items listed at the time and place specified in the subpoena(s).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of March, 2022, a true and correct copy of the foregoing has been furnished by electronic mail (email) at e-mail address: Joshua Taylor, Esquire, MORGAN & MORGAN JACKSONVILLE, PLLC 76 South Laura Street, Suite 1100 Jacksonville, FL 32202 Primary Email: jtaylor@forthepeople.com, Secondary e-mail: aadams@forthepeople.com; and I electronically filed the foregoing with the Clerk of DUVAL COUNTY by using the Florida courts eFiling Portal.

Steven L. Worley
Florida Bar No. 0159719
Marissa De Los Reyes, Esq.
Florida Bar No. 1010899
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email: sworley@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email: cdavis@carrallison.com
Secondary Email: cdodd@carrallison.com
Attorneys for Defendants, Dollar Tree Stores, Inc.

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.:  16-2022-CA-000328

SONYA POLKE,

        Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

        Defendants.

_____ /

## REQUEST FOR COPIES

    COMES NOW the Plaintiff, Sonya Polke, by and through her undersigned attorneys, pursuant to Rule 1.351(e) of the Florida Rules of Civil Procedure, hereby gives notice of her request for copies of any and all documents secured pursuant to Defendants Notice of Production from Non-Party, from the following parties:

1)    BAHRI ORTHOPEDICS & SPORTS MEDICINE

2)    BAPTIST ENDOCRINOLOGY

3)    BAPTIST HEART SPECIALISTS

4)    BAPTIST MEDICAL CENTER – SOUTH – MEDICAL RECORDS

5)    BAPTIST MEDICAL CENTER – SOUTH – BILLING DEPT.

6)    BAPTIST MEDICAL CENTER – SOUTH – RADIOLOGY DEPT.

7)    BAPTIST PRIMARY CARE

8)    BAPTIST RHEUMATOLOGY

9)      BOWDEN EYE & ASSOCIATES

10)     CORA HEALTH SERVICES, INC.

11)     JACKSONVILLE ORTHOPEDIC INSTITUTE

12)     JACKSONVILLE ORTHOPEDIC INSTITUTE

13)     MEMORIAL HOSPITAL – MEDICAL RECORDS

14)     MEMORIAL HOSPITAL – BILLING DEPT.

15)     MEMORIAL HOSPITAL – RADIOLOGY DEPT.

16)     MORI, BEAN & BROOKS, P.A.

17)     ORTHO ONE

18)     PARAGON EMERGENCY SERVICES

19)     PRECISION IMAGING CENTER

20)     QUEST DIAGNOSTIC – MEDICAL RECORDS

21)     QUEST DIAGNOSTICS INCORPORATED – BILLING

22)     BLUE CROSS & BLUE SHIELD OF FLORIDA, INC.

23)     BLUE CROSS BLUE SHIELD OF ILLINOIS

24)     CVS PHARMACY

25)     PUBLIX SUPERMARKETS

26)     WALGREENS PHARMACY

27)     WAL-MART - LEGAL DEPARTMENT

28)     WINN-DIXIE STORES, INC.

29)     POWERHOUSE ANCHOR MANAGEMENT CONSULTING, INC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of March, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal to: Steven Worley, Esquire sworley@carrallison.com, cdavis@carrallison.com, cdodd@carrallison,com.

Morgan & Morgan
76 South Laura Street, Suite 1100
Jacksonville, FL 32202

*/s/ Joshua W. Taylor*
Joshua W. Taylor
Florida Bar No. 28542
jtaylor@forthepeople.com
aadams@forthepeople.com
Attorneys for Plaintiff

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.: 16-2022-CA-000328
DIVISION: CV-E

SONYA POLKE,

                Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

                Defendant.

_____

## CERTIFICATE OF NON-OBJECTION
## IN COMPLIANCE WITH FLORIDA RULE OF CIVIL PROCEDURE 1.351

    I HEREBY CERTIFY that no objection to production under Florida Rule of Civil Procedure 1.351 has been served upon the undersigned within ten (10) days of service via e-file/e-serve of the notice given to every other party of the intent to serve subpoenas upon:

1) BAHRI ORTHOPEDICS & SPORTS MEDICINE
2) BAPTIST ENDOCRINOLOGY
3) BAPTIST HEART SPECIALISTS
4) BAPTIST MEDICAL CENTER – SOUTH – MEDICAL RECORDS
5) BAPTIST MEDICAL CENTER – SOUTH – BILLING DEPT.
6) BAPTIST MEDICAL CENTER – SOUTH – RADIOLOGY DEPT.
7) BAPTIST PRIMARY CARE
8) BAPTIST RHEUMATOLOGY
9) BOWDEN EYE & ASSOCIATES
10) CORA HEALTH SERVICES, INC.
11) JACKSONVILLE ORTHOPEDIC INSTITUTE
12) JACKSONVILLE ORTHOPEDIC INSTITUTE
13) MEMORIAL HOSPITAL – MEDICAL RECORDS
14) MEMORIAL HOSPITAL – BILLING DEPT.
15) MEMORIAL HOSPITAL – RADIOLOGY DEPT.
16) MORI, BEAN & BROOKS, P.A.
17) ORTHO ONE
18) PARAGON EMERGENCY SERVICES
19) PRECISION IMAGING CENTER
20) QUEST DIAGNOSTIC – MEDICAL RECORDS
21) QUEST DIAGNOSTICS INCORPORATED – BILLING
22) BLUE CROSS & BLUE SHIELD OF FLORIDA, INC.
23) BLUE CROSS BLUE SHIELD OF ILLINOIS
24) CVS PHARMACY
25) PUBLIX SUPERMARKETS
26) WALGREENS PHARMACY
27) WAL-MART - LEGAL DEPARTMENT

REF. # 51662
DE53

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 03/21/2022 10:42:04 AM

28) WINN-DIXIE STORES, INC.
29) POWERHOUSE ANCHOR MANAGEMENT CONSULTING, INC.

who are not parties, to produce the items listed at the time and place specified in the subpoena(s).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 21st day of March, 2022, a true and correct copy of the foregoing has been furnished by electronic mail (email) at e-mail address:  Joshua Taylor, Esquire, MORGAN & MORGAN JACKSONVILLE, PLLC 76 South Laura Street, Suite 1100 Jacksonville, FL 32202 Primary Email: jtaylor@forthepeople.com, Secondary e-mail: aadams@forthepeople.com; and I electronically filed the foregoing with the Clerk of DUVAL COUNTY by using the Florida courts eFiling Portal.

Steven L. Worley
Florida Bar No. 0159719
Marissa De Los Reyes, Esq.
Florida Bar No. 1010899
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email: sworley@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email: cdavis@carrallison.com
Secondary Email: cdodd@carrallison.com
Attorneys for Defendants, Dollar Tree Stores, Inc.

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

CASE NO: 16-2022-CA-000328

SONYA POLKE,

        Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

        Defendants.

_____ /

## PLAINTIFF'S NOTICE OF SERVING
## PROPOSAL FOR SETTLEMENT TO DEFENDANT

Plaintiff, SONYA POLKE, by and through her undersigned counsel, certifies that a Proposal for Settlement authorized by §768.79, Florida Statutes and Rule 1.442, Florida Rules of Civil Procedure has been furnished to counsel for Defendant, DOLLAR TREE STORES, INC., on May 31, 2022.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal to: Steven Worley, Esquire sworley@carrallison.com, cdavis@carrallison.com, cdodd@carrallison,com.

        Morgan & Morgan
        76 South Laura Street, Suite 1100
        Jacksonville, FL 32202
        */s/ Joshua W. Taylor*
        Joshua W. Taylor
        Florida Bar No. 28542
        jtaylor@forthepeople.com
        lmohammed@forthepeople.com
        Attorneys for Plaintiff