Filing # 142435659 E-Filed 01/21/2022 03:26:44 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

CASE NO:

SONYA POLKE,

    Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, SONYA POLKE, and sues Defendant, DOLLAR TREE STORES, INC., and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff is a natural person residing in Duval County, Florida.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 01/21/2022 04:24:08 PM

3. At all times material to this action, DOLLAR TREE STORES, INC. is a Foreign Profit Corporation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant was the owner and in possession of that certain business located at 8634 Baymeadows Road, Jacksonville, Duval County, Florida, said business being that of a general merchandise retail store, open to the general public, including the Plaintiff herein.

5. On or about October 2, 2020, Plaintiff visited Defendant's premises located at the above address to shop.

6. At said time and place, Plaintiff was a guest at the Dollar Tree, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for his/her/their safety.

7. At said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the checkout line conveyer and paneling underneath, thus creating a hazardous condition to members of the public utilizing the checkout line, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently failing to inspect or adequately inspect the checkout line conveyer and paneling underneath, as specified above, to ascertain whether the constituted a hazard to pedestrians utilizing the checkout line, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the checkout line conveyer and paneling underneath, when Defendant knew or through the exercise of reasonable care should have known that said was unreasonably dangerous and that Plaintiff was unaware of same; and

d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of checkout line conveyer and paneling underneath on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

8. As a result, while Plaintiff was visiting Defendant's business, she was struck by panel that opened under the checkout line conveyer, sustaining injuries as set forth.

9. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, SONYA POLKE, sues the Defendant, DOLLAR TREE STORES, INC., for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 21st day of January, 2022

>*/s/ Joshua Taylor*
>Joshua Taylor, Esquire
>FBN: 28542
>Morgan & Morgan Jacksonville, PLLC
>76 South Laura Street, Suite 1100
>Jacksonville, FL 32202
>Telephone:     (904) 361-7266
>Facsimile:      (904) 366-7026
>Primary Email:        jtaylor@forthepeople.com
>Secondary email:     aadams@forthepeople.com
>Attorneys for Plaintiff